# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL FRIDMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NELNET, INC., a Nebraska corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Fridman brings this class action against Nelnet, Inc. under the Telephone Consumer Protection Act and Florida Consumer Collection Practices Act to stop Nelnet's practice of sending false and unauthorized debt collection text messages to consumers, and to obtain redress for all persons similarly injured by Nelnet's conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Nelnet is the largest servicer of student loans in the United States, servicing more than 40% of all outstanding student loan debt.

2. This case challenges Nelnet's practice of sending text messages demanding payment of student loans to individuals who do not actually owe any money on student loans serviced by Nelnet.

3. Nelnet's texts violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), because they are unauthorized.

4. Nelnet's texts also violate the Florida Consumer Collection Practices Act, Fla.

1

Stat. § 559.72 ("FCCPA"), because they are a deceiving attempt by Nelnet to collect student loan debt that it knows is not legitimate and because they give the appearance of being authorized by the federal government which contracts with Nelnet to accurately and fairly service federal student loans.

5. Nelnet's false and unsolicited debt collection texts caused Plaintiff and putative members of the Classes to suffer actual harm, including the harassment, aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such unsolicited and false text messages, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

6. Accordingly, Plaintiff seeks an injunction requiring Nelnet to cease sending false and unsolicited debt collection text messages to consumers, as well as an award of actual and/or statutory damages, punitive damages, attorneys' fees, and costs.

## PARTIES

7. Plaintiff Michael Fridman is a Miami-Dade County resident.

8. Defendant Nelnet is a for-profit Nebraska corporation headquartered in Lincoln, Nebraska.

## JURISDICTION & VENUE

9. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This Court has supplemental jurisdiction over Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1367(a), because the FCCPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim.

10. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's unauthorized collection efforts were directed by Defendant into this District, including to Plaintiff.

## FACTUAL ALLEGATIONS

11. Nelnet is the largest servicer of student loans in the United States, servicing over $500 billion of student loan debt.

12. Nelnet has not serviced any student loans for Plaintiff since at least March 2017.

13. Notwithstanding, on September 6, 2018 at 5:05 pm, Nelnet sent Plaintiff a deceptive text message to his cellular telephone number without his consent, demanding that he make a student loan payment within 5 days:

> 635-68
>
> Text Message
> Thu, Sep 6, 5:05 PM
>
> Nelnet Alert: Your payment is due in 5 days. Visit Nelnet.com to make a payment. Reply HELP for help.

14. Nelnet's false and unsolicited text was a nuisance that harassed and aggravated Plaintiff, made him uncertain of the status of his student loan debt and other obligations to the federal government and Nelnet, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

15. On information and belief, Nelnet, or a third-party acting on its behalf, has sent substantively identical false and unsolicited text messages *en masse* to the cellular telephone

3

numbers of other consumers nationwide that, at the time the text messages were sent, did not have student loans serviced by, and otherwise had no existing relationship with, Nelnet. To the extent the text messages were sent on Nelnet's behalf, Nelnet provided the third-party access to consumers' records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA and FCCPA.

16. In sending the unsolicited text messages at issue, Nelnet, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "HELP," their commercial and generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

17. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated, and seeks certification of the following Classes:

> **TCPA Class**: All persons who (1) on or after four years prior to the filing of the initial complaint in this action, (2) were sent a text message by or on behalf of Nelnet, (3) using an automatic telephone dialing system, (4) and from whom Nelnet (a) does not allege to have consent, or (b) alleges to have obtained consent in the same manner it alleges to have obtained consent from Plaintiff.
>
> **FCCPA Class:** All persons in Florida who (1) on or after two years prior to the filing of the initial complaint in this action, (2) were sent a text message by or on behalf of Nelnet, (3) demanding payment, and (4) and from whom no payment was actually due at the time the text message was sent.

18. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

19. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent false and unsolicited text messages to thousands of individuals who fall into the Classes' definitions. Class membership can be easily determined from Defendant's records.

20. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Defendant violated the TCPA and FCCPA with respect to Plaintiff, then it violated the TCPA and FCCPA with respect to the other members of the Classes. Plaintiff and the Classes sustained the same damages as a result of Defendant's uniform wrongful conduct.

21. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

      a)     How Defendant gathered, compiled, or obtained the cellular telephone numbers of Plaintiff and the Classes;

5

      b)    Whether the text messages were sent using an automatic telephone dialing system;

      c)    Whether Defendant's text messages were sent even though members of the FCCPA Class did not have outstanding student loans;

      d)    Whether Defendant sent the text messages without the consent of Plaintiff and the TCPA Class; and

      e)    Whether Defendant's conduct was willful and knowing such that Plaintiff and the Classes are entitled to treble and/or punitive damages.

22.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

23.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

24.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the TCPA Class)

25.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 of this complaint and incorporates them by reference.

26.  Defendant and/or its agents agent transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the TCPA Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27.  These text messages were sent without the consent of Plaintiff and the other members of the TCPA Class.

28.  Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result Plaintiff and the TCPA Class are entitled to actual damages and/or statutory damages of up to $1,500 for each violation.

## SECOND CAUSE OF ACTION
## Violation of Fla. Stat. § 559.72
### (On Behalf of Plaintiff and the FCCPA Class)

29. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 of this complaint and incorporates them by reference.

30. Defendant and/or its agents agent transmitted text messages to Plaintiff and other members of the FCCPA Class claiming and attempting to enforce debts that Nelnet knew did not exist and or knew were not legitimate.

31. These false debt collection text messages also gave the appearance of being authorized, issued, and/or approved by the United States government and/or a government agency because Nelnet is one of only three servicers of student loan debt on behalf of the Department of Education.

32. Defendant has, therefore, violated Fla. Stat. §§ 559.72(9) and/or (10), and as a result Plaintiff and the FCCPA Class are entitled to actual damages, statutory damages of up to $1,000, punitive damages, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fridman, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

b) An award of actual damages, statutory damages, punitive damages, attorneys' fees, and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and FCCPA.

d) An injunction requiring Defendant to cease all false and unsolicited text messaging activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all claims.

Dated:  May 1, 2019

/s/ Avi Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff Michael Fridman
and all others similarly situated*