UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-21708-MORENO/LOUIS

MICHAEL FRIDMAN, individually and on
behalf of all others similarly situated,

      Plaintiff,

-vs.-

NELNET, INC., a Nebraska corporation,

      Defendant.

_____/

**DEFENDANT, NELNET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Nelnet, Inc. ("Nelnet"), answers the Class Action Complaint and Demand for

Jury Trial filed by Plaintiff, Michael Fridman, and states:

**ANSWER**

Nelnet denies all allegations of the Complaint unless specifically admitted.   Further

responding to the allegations of the Complaint, paragraph by corresponding paragraph, Nelnet

states:

**NATURE OF THE ACTION**

1.      Paragraph 1 is admitted.

2.      With regard to Paragraph 2, Nelnet states that this case purports to challenge

Nelnet's practice of sending text messages demanding payment of student loans to individuals

who do not actually owe any money on student loans serviced by Nelnet, but denies that Nelnet

has any such practice.

3.      With regard to Paragraph 3, Nelnet states that the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") speaks for itself.  Nelnet denies any remaining allegations contained in paragraph 3.

4.      With regard to Paragraph 4, Nelnet states that the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA") speaks for itself.  Nelnet denies any remaining allegations contained in Paragraph 4.

5.      Paragraph 5 is denied.

6.      With regard to Paragraph 6, Nelnet admits that Plaintiff purports to seek an injunction, but denies that any injunction is warranted.

## PARTIES

7.      Nelnet is without knowledge as to the allegations contained in Paragraph 7 and therefore denies same.

8.      Paragraph 8 is admitted.

## JURISDICTION AND VENUE

9.      With regard to Paragraph 9, Nelnet admits that jurisdiction is proper, but denies that Plaintiff is entitled to any damages or other relief.

10.     With regard to Paragraph 10, Nelnet admits that this Court has personal jurisdiction over Nelnet and that venue is proper herein.  Paragraph 10 is otherwise denied.

## FACTUAL ALLEGATIONS

11.     Paragraph 11 is admitted.

12.     With regard to Paragraph 12, Nelnet admits that Plaintiff paid all of his loans serviced by Nelnet in full on or before March 2017.

13.     With regard to Paragraph 13, Nelnet admits that the quoted text message was sent

to Plaintiff's cellular telephone number on Nelnet's behalf. Paragraph 13 is otherwise denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     With regard to Paragraph 17, Nelnet admits that Plaintiff purports to bring this action as a class action. Paragraph 17 is otherwise denied.

18.     With regard to Paragraph 18, Nelnet admits that Plaintiff purports to exclude the individuals listed from his class definition. Paragraph 18 is otherwise denied.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is denied.

23.     Paragraph 23 is denied.

24.     Paragraph 24 is denied.

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227)

25.     With regard to Paragraph 25, Nelnet incorporates its responses to Paragraphs 1 through 24 as if fully set forth herein.

26.     Paragraph 26 is denied.

27.     Paragraph 27 is denied.

28.     Paragraph 28 is denied.

## SECOND CAUSE OF ACTION
### (Violation of Fla. Stat. § 559.72)

29.     With regard to Paragraph 29, Nelnet incorporates its responses to Paragraphs 1

through 24 as if fully set forth herein.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's TCPA claim against Nelnet fails because any text messages sent by or on behalf of Nelnet were only sent to borrowers or former borrowers who had previously consented to receive text message reminders from Nelnet five days prior to the due date of any payments on their federal student loans. Nelnet's records reflect that Plaintiff gave cell phone consent (CPC) when he logged on to his online account (also referred to as "Manage My Account" or "MMA") on September 3, 2009. Plaintiff also added the telephone number 305-xxx-4963 as a "temp" phone on his MMA on February 9, 2013. Nelnet's records further reflect that Plaintiff opted in to receive text message alerts on Nelnet's MMA system on May 20, 2014 and provided the telephone number 305-xxx-4963. Nelnet's vendor Upland sent Plaintiff a text message on May 20, 2014 saying "Nelnet Alert: reply Y to complete signup. Reply HELP for help, Reply STOP to stop all messages. Message & Data Rates may apply." The following day, May 21, 2014, Upland sent Plaintiff a text message saying "Nelnet Alert: We didn't receive a text confirmation. You will not receive additional messages. Visit Nelnet.com for more information." Plaintiff then responded, "Y" on May 21, 2014. Upland responded "Nelnet: thank you for your updated information. Msg&Data Rates May Apply Call us at 855.828.0760" also on May 21, 2014. There is no record of Plaintiff opting out of text message alerts on the MMA system or by texting "STOP."

2.     To the extent that Nelnet violated the TCPA, which Nelnet expressly denies, any

4

such violations were not willful or knowing.

3.     As applied in this matter, the TCPA violates the excessive fines clause of the Eighth Amendment to the Constitution.

4.     Plaintiff's claims for damages are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution.

5.     The Complaint does not state a claim for relief because Plaintiff never withdrew his consent to receive text messages from Nelnet.

6.     To the extent that a violation of the TCPA occurred, which Nelnet expressly denies, it resulted from a bona fide error, notwithstanding procedures reasonably adapted to avoid such error.

7.     To the extent that a violation of the TCPA occurred, which Nelnet expressly denies, it resulted from good faith reliance upon incorrect information offered by a person and/or entity other than Nelnet's agent, servant, or employee.

8.     To the extent Plaintiff suffered any damages, which Nelnet expressly denies, Plaintiff failed to mitigate his damages.

9.     To the extent that a violation of the TCPA occurred, which Nelnet expressly denies, it occurred notwithstanding Nelnet's establishment and implementation, with due care, of reasonable practices and procedures to effectively prevent text message solicitations in violation of the TCPA. Specifically, Nelnet discovered in September 2018 that there was a glitch in the system which resulted in text message reminders for upcoming payments being sent to borrowers who had paid their federal loans in full early. Essentially, the code for Nelnet's text message reminder system did not account for loans being paid off before the final due date. Thus, certain borrowers who paid off their federal loans early and had opted in for text message reminders of

upcoming payments received a <u>single</u> text message five days prior to what would have been the final payment due date for their loan(s), had the loan(s) not been paid off early. Immediately upon learning from a borrower that such a text message had been received in error after their loan had been paid off, Nelnet and Upland (the vendor that Nelnet uses to send text messages to those customers who opted in to receive them) began investigating what had caused the problem, and within three weeks of learning of the problem, Nelnet and Upland had corrected the coding error so that no further text message payment reminders would be sent to borrowers whose loans had been paid off early.

10.    The Complaint fails to state a claim under the TCPA because any alleged text messages sent by Nelnet and/or any third party sending text messages on Nelnet's behalf were not made for the purpose of solicitation.

11.    Plaintiff's TCPA claim against Nelnet is barred because Nelnet is not considered a "person" under the TCPA for any text messages that it may have sent to service or collect on Plaintiff's federal education loans.

12.    Plaintiff's FCCPA claim fails because any alleged violation was not intentional and resulted from a bona fide error, notwithstanding Nelnet's maintenance of procedures reasonably adapted to avoid any such error.  *See* Fla. Stat. §559.77(3). As described above, Nelnet discovered in September 2018 that there was a glitch in the system which resulted in text message reminders for upcoming payments being sent to borrowers who had paid their federal loans in full early. Essentially, the code for Nelnet's text message reminder system did not account for loans being paid off before the final due date. Thus, certain borrowers who paid off their federal loans early and had opted in for text message reminders of upcoming payments received a <u>single</u> text message five days prior to what would have been the final payment due

date for their loan(s), had the loan(s) not been paid off early. Immediately upon learning from a borrower that such a text message had been received in error after their loan had been paid off, Nelnet and Upland began investigating what had caused the problem, and within three weeks of learning of the problem, Nelnet and Upland had corrected the coding error so that no further text message payment reminders would be sent to borrowers whose loans had been paid off early.

13.     Plaintiff's FCCPA claim fails because the text message in question was not a claim, attempt or threat to enforce a debt.

14.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no actual, concrete injury and has not sought to recover for any actual, concrete injury and, therefore, has no standing to bring the statutory claims. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

15.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, unclean hands, and laches.

16.     Plaintiff's damages and losses, if any, are the proximate result of parties other than Nelnet and/or intervening events attributable to parties other than Nelnet.

17.     Plaintiff's TCPA claim against Nelnet is barred because text messages sent to collect or service the debt owed by Plaintiff and serviced by Nelnet (i.e., federal education loans) are not subject to the TCPA's prior express consent requirements because such text messages would have been made solely to collect a debt owed to or guaranteed by the United States. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

18.     Plaintiff's TCPA claim against Nelnet is barred because, in servicing Plaintiff's federal education loans on behalf of the United States government, Nelnet is immune from liability. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

7

WHEREFORE, Defendant, Nelnet, Inc. requests the Court to dismiss Plaintiff's Complaint, award its attorneys' fees and costs and grant such further relief as the Court deems proper.

/s/ *Naomi M. Berry*

CHARLES M. ROSENBERG
Florida Bar No. 279064
NAOMI M. BERRY
Florida Bar No. 69916
CARLTON FIELDS, P.A.
100 SE Second Street, Suite 4200
Miami, FL 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
crosenberg@carltonfields.com
nberry@carltonfields.com
mcabrera@carltonfields.com
miaecf@cfdom.net

*Counsel for Defendant*

116367331.2

8